[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY PLAINTIFF'S APPLICATION FORCT Page 1323-MMPREJUDGMENT REMEDY
In this action to foreclose a mechanic's lien the third party plaintiff, Astrid Sundwall ("Sundwall") has brought a complaint against Steve Clark ("Clark") and Jeanette Clark, third party defendants. Although the Third Party Complaint has eight counts, the gravamen of the complaint is that Clark entered into a contract to construct a house for Sundwall and breached that contract, thereby causing Sundwall damages.
After a hearing on Sundwall's Application for Prejudgment Remedy against the Clarks, the court finds the following facts. On February 29, 1992 Clark, Sundwall, and Sundwall's daughter and son-in-law, Desiree and Sean Hennessey, entered into a contract wherein Clark agreed to construct a house for Sundwall and the Hennesseys in Burlington, Connecticut, for a price of $169,000. Thereafter Clark commenced work on the house.
When the house was approximately 50% complete a dispute arose between Clark and' Sundwall concerning work to be done at the house. Clark was willing to work with Sundwall to address the items with which she was dissatisfied and was willing to complete the house. However, he was unable to finish the house because Sundwall had Clark removed from the property by the Connecticut State Police.
At the time Clark was forced off the property, he had been paid $35,500, and had., expended $25,000 on materials for the house. In addition General Building Supply, the plaintiff in this action, was claiming a mechanic's lien for materials delivered to the property in the amount of $25,167.22. Based on the foregoing the court concludes that at the time Clark was forced off the property by Sundwall, he had completed half of the house which he had contracted to build for $169,000, and Sundwall had incurred liabilities for the house in the amount of $60,687.22, including the amounts paid to Clark and the amount claimed to be due by the mechanics lienor.
In order to recover for breach of contract against Clark, Sundwall must prove that Clark breached the contract. Sundwall failed to prove that. However, even if she had' established probable cause to believe that Clark had breached the contract, she would still have to prove damages. CT Page 1323-NN
For a breach of a construction contract involving defective or unfinished construction, damages are measured by computing either "(I) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or (ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste." Restatement, 1 Contracts 346(1)(a), p. 573; see annot., 76 A.L.R.2d 805, 812.Levesque v. D M Builders, Inc., 170 Conn. 177, 181,365 A.2d 1216 (1976). Sundwall failed to prove damages under either measure set forth above.
Sundwall also failed to prove that Clark engaged in any unfair or deceptive practices in violation of Connecticut General Statutes § 42-110b, a portion of the Connecticut Unfair Trade Practices Act. She failed to establish probable cause to support the allegations of any other counts of her Third Party Complaint against the Clarks. For the foregoing reasons, Sundwall's Application for Prejudgment Remedy is denied.
By the court,
Aurigemma, J.